4. COURTS, § 104*—*when Probate Court has jurisdiction to require repayment by heirs of excess over average value of devises.* Where a testator devised certain parcels of real estate to his children, placing the valuation upon each parcel, and directed that the devisee should pay into or receive from the estate such sums as would make the share of each equal, and devised one of the parcels at a certain valuation to the "heirs" of a deceased daughter, naming her children, who were minors, *held* that the Probate Court in which the estate was being settled had jurisdiction of a petition by the executor against the guardian of such minors to require him to pay into the estate the excess over the valuation of the parcel devised to them, over the average value of all the devises.

---

# The People of the State of Illinois, Defendant in Error, v. Bob Belina, Plaintiff in Error.

## (Not to be reported in full.)

Error to the County Court of Franklin county; the Hon. NEALY I. GLENN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

## Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Bob Belina, defendant, for the sale of intoxicating liquor in anti-saloon territory. To review a judgment against him sentencing him to pay a fine of twenty dollars on each of thirteen counts of the information and to serve ten days in jail on each of the first six counts, the defendant prosecutes a writ of error.

R. E. SMITH and J. P. MOONEYHAM, for plaintiff in error.

W. F. SPILLER and T. G. LEWIS, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. INDICTMENT AND INFORMATION, § 44*—*when good counts are sufficient to sustain conviction.* Where a verdict of guilty was rendered on each of several counts of an information, and the motion for arrest of judgment on one of the counts on the ground that it was defective was granted and the judgment entered on all the other counts, *held*, on appeal, that the defendant's contention that the judgment could not be entered for the reason that the verdict, although finding the defendant guilty of the several different counts, was so far a unit, that it must stand or fall together, was untenable.

2. INTOXICATING LIQUORS, § 261*—*when admission of evidence as to contents of copy of federal special revenue stamp is harmless error.* In a prosecution for selling liquor in anti-saloon territory, where a witness for the State was allowed to state the contents of an examined copy which he had made of a federal special revenue stamp issued to the defendant over the objection thereto on the ground that the copy would be the best evidence, *held* that he could not on appeal urge such action of the court as reversible error, as he later objected to the admission of the stamp in evidence when offered by the prosecution, which objection was sustained.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.